**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CAROL-LYNN FETTERHOFF,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 06-0278-CG-M** |
| | ) | |
| **LIBERTY LIFE ASSURANCE COMPANY,** | ) | |
| **and ST. PAUL INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the court on the motion of defendant, St. Paul Fire and Marine Insurance ("St. Paul") for relief from the order regarding failure to answer complaint (Doc. 27), plaintiff's motion for entry of default (Doc. 29) and plaintiff's motion for default judgment (Doc. 30). The court finds that, under the circumstances of this case, default should not be entered against St. Paul. Therefore, St. Paul's motion is due to be **GRANTED** and plaintiff's motions are due to be **DENIED**.

## BACKGROUND

Plaintiff filed this action asserting claims for benefits under a group disability insurance policy issued by Liberty Life Assurance Company of Boston to plaintiff's employer, St. Paul. (Doc. 1). St. Paul was served by certified mail on September 26, 2006 (Doc. 22), but failed to timely respond to the complaint. A Rule 16 Scheduling order has not yet been entered in this case, as the parties have not filed their Rule 26(f) report. On October 26, 2006, this court directed plaintiff to request entry of default against St. Paul and move for entry of default judgment, or show cause why she cannot do so, on or before November 6, 2006. (Doc. 23). On November 6, 2006, St. Paul filed a motion for relief from the court's order and submitted an

1

affidavit and other documents in support.  Later that same day, plaintiff filed motions for default and default judgment (Docs. 29, 30).

According to St. Paul, it has established procedures for ensuring that legal actions and associated pleadings, such as complaints, are forwarded to the appropriate department and responded to in a timely manner. (Affdvt., ¶ 3).  On or about June 9, 2006, the court sent the summons and complaint to St. Paul via first class mail with a request for waiver of formal service.  St. Paul did not execute the waiver of service form. (Id.).  On or about September 12, 2006, the summons and complaint was formally served upon St. Paul via certified mail, making St. Paul's answer or other response to the Complaint due on or before September 29, 2006. (Id., ¶ 4).  On or about October 30, 2006, counsel for Liberty Life, via e-mail, contacted personnel in St. Paul's claim department, bringing this matter to their attention. (Affdvt. ¶ 7).  The e-mail message was routed to appropriate personnel within St. Paul's Corporate Legal Department, who immediately initiated an investigation to determine why St. Paul had not responded to this suit. It was discovered that, in contravention of established protocol, the Service of Process Coordinator mistakenly routed the Complaint to Metropolitan Life Insurance Co. ("Met Life"), the current insurer of the St. Paul LTD Plan, and had failed to notify appropriate persons in St. Paul's legal department of the Complaint.   St. Paul immediately made arrangements to make an appearance in this action. (Affdvt., ¶¶ 7-8).

## **DISCUSSION**

Default judgment is deemed a "drastic remedy which should be used only in extreme situations as the court has available to it a wide range of lesser sanctions." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985).  A motion to set aside entry of default is governed by

FED.R.CIV.P. 55(c), which states, in pertinent part, that "[f]or good cause shown the court may set aside an entry of default."   "'Good cause' is a mutable standard, varying from situation to situation.  It is also a liberal one– but not so elastic as to be devoid of substance." Compania Interamericana Export-Import S.A. v. Compania Dominicana De Aviacion, 88 F.3d 948, 951 (11th Cir.1996) (citation omitted).  The district court considers (1) whether the default was the result of culpable or willful conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense.  Id. (citations omitted).

In the instant case, although St. Paul failed to timely answer the complaint, default has not yet been entered.  The court finds that St. Paul's failure to respond was not due to willful disregard of this matter, but simply  to error.  In addition, the court finds that plaintiff will suffer minimal prejudice in the event that St. Paul's motion is granted, especially in light of the early stage of this case.   Therefore, the court finds that default should not be entered in this case.

## CONCLUSION

For the reasons stated above, the motion of St. Paul Fire and Marine Insurance for relief (Doc. 27) is **GRANTED** and plaintiff's motions for entry of default (Doc. 29) and for default judgment (Doc. 30) are hereby **DENIED**.

The Clerk is directed to docket St. Paul's answer, attached to St. Paul's motion (Doc. 27) as Exhibit D.

**DONE and ORDERED** this 9th day of November, 2006.

/s/  Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

3