IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CAROL-LYNN FETTERHOFF,  ) | |
| ) | |
| Plaintiff,  ) | |
| v.  ) | CIVIL ACTION NO. 06-0278-CG-M |
| ) | |
| LIBERTY LIFE ASSURANCE COMPANY, ) | |
| and ST. PAUL INSURANCE COMPANY,  ) | |
| ) | |
| Defendants.  ) | |

## ORDER

This matter is before the court on the motion of defendants, Liberty Life Assurance Company of Boston ("Liberty Life") and St. Paul Fire and Marine Insurance Company ("St. Paul"), to dismiss the complaint (Doc. 52), plaintiff's response (Doc. 55), and defendants' reply (Doc. 56). The court finds that plaintiff's claims are time-barred and that therefore the motion to dismiss is due to be granted.

## BACKGROUND

Plaintiff filed this action on May 3, 2006, asserting claims for benefits under a group disability insurance policy issued by Liberty Life to plaintiff's employer, St. Paul, pursuant to St. Paul's long-term disability income plan. (Doc. 1). Specifically, the complaint alleges that, by letter dated January 11, 2001, defendants, acting arbitrarily and in bad faith, denied plaintiff benefits under the long term disability plan. The complaint further avers that the long term disability claim under which plaintiff seeks benefits is regulated by the Employee Retirement Income Security Act ("ERISA"). Defendants assert that the complaint is time-barred as it was not filed within the contractual limitation of actions provision contained in the group disability income policy. The policy includes the following provision:

>Legal Proceedings
>A claimant or the claimant's authorized representative cannot start any legal action:
>>1. until 60 days after proof of claim has been given; nor
>>2. more than one year after the time proof of claim is required.

(Ex. A, p. 00009).

## DISCUSSION

Although plaintiff expressly alleges in the complaint that the long term disability plan under which she seeks benefits is regulated by ERISA, she now appears to dispute that fact. ERISA generally applies to plans that have been established or maintained by an employer for the purpose of providing disability benefits to participants or their beneficiaries. Moorman v. Unum Provident Corp., 464 F.3d 1260, 1269 (11th Cir. 2006) (citation omitted). For ERISA to be applicable, the employer that established or maintained the policy must be "engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003. The court finds, and plaintiff does not allege otherwise, that St. Paul is clearly engaged in an industry affecting commerce. As such, the plan in this case is in fact an employee benefit plan governed by ERISA and, because plaintiff seeks benefits under the plan, her claim is also governed by ERISA.

Defendants assert that the policy in this case expressly prohibits the instigation of legal action "more than one year after the time proof of claim is required." The Eleventh Circuit has upheld reasonable contractual limitations periods for ERISA benefits. Northlake Regional Medical Center v. Waffle House System Employee Benefit Plan, 160 F.3d 1301, 1303 (11th Cir. 1998) (90 day limitation upheld). Plaintiff argues that the applicable limitations period is either

ten years under Indiana law[1] or six years under federal law, because the policy has a provision which states that the policy "is hereby amended to conform to the minimum requirements" of any statute of the governing jurisdiction that conflicts with the policy. However, plaintiff offers no authority to support her contention that the conformity clause would result in the application of the state or federal limitations period to this matter. The majority of courts that have addressed this issue have found that conformity clauses do not result in a longer state statute of limitations trumping a contractually agreed limitations period. See e.g. Massengill v. Shenandoah Life Ins. Co., 459 F.Supp.2d 656, 660 (W.D. Tenn. 2006) ("The conformity clause, that is, conforming conflicting policy wording to a state statute's language, does not trump the Policy's time-to-sue provision." citing Thomas v. Allstate Insurance Co., 974 F.2d 706 (6th Cir.1992)); Hawkins v. Heritage Life Ins. Co., 63 Ark.App. 67, 71, 973 S.W.2d 823, 826 (1998) (holding that insurance policy's conformity provision did not waive the policy's shorter contractual limitation, recognizing that "parties in Arkansas have the right to contract for something less than the statutory ... limitation period"); Graingrowers Warehouse Co. v. Central Nat. Ins. Co. of Omaha, Neb., 711 F.Supp. 1040, 1044 -1045 (E.D. Wash. 1989) ("Limitation of action provisions in a contract prevail over general statutes of limitations, ...[a]nd the fact that the policy provides that any conflicting statutory provisions shall prevail does not substitute the statutory limitation in the place and stead of the contractual limitation." citations omitted); Franklin v. Cont'l Assurance Co., 1989 WL 84317, at * 1 (N.D.Ill. July 18, 1989) (" 'Legal action' clauses that are reasonable will be enforced even if the time period is less than that prescribed by the state's statute of limitations and even if the policy contains a 'conformity with

---

[1] Defendants state that they are unsure why plaintiff relies on Indiana law. Plaintiff has not offered any reason why Indiana law would govern this action.

state statutes' provision"); but see Toney by Toney v. Great-West Life Assur. Co., 1990 WL 165320, *4, n. 8 (N.D. Ill. Oct. 25, 1990) (the shorter contractual limitation does not prevail in the face of the longer statutory limitation because the conformity clause amends the contractual provision).  As the District Court for the Western District of Kentucky explained, "there must be a statute specifically proscribing the contractual shortening of the statutory limitation before there can be a conflict." Kentucky League of Cities, Inc. v. General Reinsurance Corp., 174 F.Supp.2d 532, 541 (W.D. Ky. 2001) (citation omitted).  The court is persuaded by the above cases that the conformity clause in this case does not invalidate the contractual limitations period.  The court is aware of no applicable statute or authority which would prohibit the contractual shortening of the statutory limitation.[2]

     Limitations periods of one year have consistently been upheld by courts. See e.g. Payne v. Blue Cross & Blue Shield of Virginia, 976 F. 2d 727 (4th Cir. 1992)(table)(unpublished opinion), 1992 WL 235537, 15 Employee Benefits Cas. 2638 ; Innopac International v. John Hancock Mutual Life Ins. Co., 1995 WL 71494 (E.D. Pa. 1995), Koonan v. Blue Cross & Blue Shield of Virginia, 802 F.Supp. 1424 (E.D. Va. Feb 22, 1992).  Such limitations periods are tolled for the period necessary for the claimant to exhaust his administrative remedies. Wexler v. Wex-Tex Manufacturing Corporation's Pension Plan & Trust Agreement, 992 F.Supp. 1313, 1316 (M.D.Ala. 1997);  Jeffries v. Trustees of the Northrop Grumman Savings & Investment Plan, 169 F.Supp.2d 1380, 1383 (M.D. Ga. 2001).

---

[2] The court notes that even if Indiana law were to apply, Indiana courts have recognized the validity of reasonable contractual limitations periods that are shorter than the state statute of limitations.  Huff v. Travelers Indemnity Co., 266 Ind. 414, 363 N.E.2d 985, 991 (Ind. 1977), see also Doe v. Blue Cross & Blue Shield United, 112 F.3d 869, 874-875 (7th Cir. 1997). (holding contractual "limitations if reasonable are enforceable in suits under ERISA, regardless of state law").

In the instant case, plaintiff alleges that she was denied benefits by letter dated January 11, 2001.  The letter informed plaintiff that her appeal of her denial of benefits had been concluded and that plaintiff's "administrative rights to review have been exhausted and no further reviews will be conducted..."  As, such the one-year limitation period began to run on January 11, 2001, and expired on January 11, 2002.  Plaintiff did not file this action until May 3, 2006, more than four years after the expiration of the contractual limitations period.  Plaintiff has not disputed these facts, but instead reiterates her claims against defendants, including claims which were previously dismissed or disallowed by the court.[3]  Such arguments are misplaced.  Plaintiff's claims arise under her disability insurance policy and plaintiff failed to file her action within the limitations period set by the policy.   Therefore, plaintiff's claims are time-barred.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss complaint (Doc. 52) is **GRANTED.**

**DONE and ORDERED** this 31st day of May, 2007.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] By order dated April 6, 2007, plaintiff's claim for punitive damages was dismissed and plaintiff's motion to amend her complaint to add claims for extra-contractual monetary relief was denied. (Doc. 50).