IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CAROL-LYNN FETTERHOFF,** )<br>)<br>    **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**LIBERTY LIFE ASSURANCE COMPANY,** )<br>**and ST. PAUL INSURANCE COMPANY,** )<br>)<br>    **Defendants.** ) | **CIVIL ACTION NO. 06-0278-CG-M** |

## ORDER

This matter is before the court on plaintiff's motion to reconsider. (Doc 59). Because plaintiff has not shown that the dismissal of her case constitutes clear error or results in manifest injustice, her motion to reconsider is due to be denied.

The decision whether to alter or amend a judgment pursuant to Rule 59(e) is "committed to the sound discretion of the district judge." Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000) (quoting American Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir.1985)). The standard of review under Rule 59(e) was summarized by this court in another case as follows:

> A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294 (M.D. Fla.1993). Generally, courts have recognized three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D.Fla.1994); see also Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986). Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources. Pennsylvania Ins. Guar. Ass'n v. Trabosh, 812 F.Supp. 522 (E.D.Pa.1992); Wendy's Int'l v. Nu-Cape Construction, 169 F.R.D. 680, 684-85 (M.D.Fla.1996).

Sonnier v. Computer Programs & Systems, Inc., 168 F. Supp.2d 1322, 1336 (S.D. Ala. 2001)

(quoting Alabama State Docks Department v. Water Quality Insurance Syndicate, 1998 WL 1749263 (S.D.Ala.1998)(emphasis in original)).  In this case, plaintiff appears to allege only the third ground for Rule 59(e), "the need to correct clear error or manifest injustice."

Plaintiff seeks reconsideration of the court's order and judgment dismissing the case as time-barred.  She asserts that the delay was not her fault, but that of an attorney she had contacted regarding her claim.  According to plaintiff, she gave her file to an attorney after receiving the denial of her long-term disability claim in January 2001.  Although she sent letters and faxed over 50 requests for status on the case, apparently no case was filed until the attorney returned the file to plaintiff in February 2005.  However, plaintiff voluntarily chose that attorney as her representative and therefore cannot escape any deficiencies of her case by claiming negligence in the acts or omissions of her attorney.  Link v. Wabash Railroad Co., 370 U.S. 626 (1962); see also Barger, 348 F.3d 1289, 1295 ("[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." quoting Link supra); Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) ("This Court rejected that argument even though such a result 'appeared to penalize innocent clients for the forgetfulness of their attorneys.'" citations omitted).  Thus, the court finds that the dismissal did not result in manifest injustice.

Plaintiff also generally restates the arguments she previously asserted in response to defendants' motion to dismiss.  The court finds that the order of dismissal was not in error, much less "clear error."  Plaintiff's claim is time-barred and was properly dismissed.[1]

---

[1] The court also finds that the outcome would be the same if plaintiff's motion were analyzed under the stricter provision of 60(b), rather than 59(e). See FED. R. CIV. P. 60(b).

## CONCLUSION

For the reasons stated above, defendants' motion to reconsider is **DENIED**.

**DONE and ORDERED** this 11th day of June, 2007.

       /s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE